553 P.2d 240

**STATE of Arizona, Appellee,**

v.

**James David RICH, Appellant.**

**No. I CA–CR 1532.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 29, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Cleon M. Duke, Jr., Asst. Attys. Gen., Phoenix, for appellee.

Craig & Rich by Harry E. Craig, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

The sole issue presented by this appeal is whether a criminal defendant has the constitutional right to be tried at the place of his residence.

On April 15, 1975, defendant, James David Rich, was arrested for speeding in Mayer, Arizona, Precinct. At the time he was stopped, he was issued a citation to appear before the Mayer Justice of the Peace at a time and date certain. The defendant signed this citation, pursuant to A.R.S. § 13–1422 promising to appear on the date designated.

Prior to his trial in Justice Court, the defendant filed a motion for change of venue from the Mayer precinct in Yavapai County and requested that the cause be transferred to the Tempe precinct in Maricopa County, the place of his residency. Defendant's affidavit accompanying this motion alleged only that he could not have a fair and impartial trial before the Justice of the Peace about to try the case by reason of the prejudice or bias of said Justice. See A.R.S. § 22–303(A)(1). He did not allege that he could not have a fair and impartial trial in the Mayer precinct or in Yavapai County for any other reason. On April 24, 1975, pursuant to A.R.S. § 22–303(A)(1), (requiring a transfer because of bias on the part of the justice to an ad-

joining precinct) the trial court transferred the case to the Prescott precinct of Yavapai County.

The defendant again, in an undated motion, requested that the Prescott court transfer venue from the Prescott precinct to a justice precinct located in Maricopa County. Again, defendant did not allege that he could not receive a fair and impartial trial in Prescott in this motion, but relied exclusively on A.R.S. § 12–401(10) which relates to venue in civil cases, not criminal matters. On June 9, 1975, the trial court denied defendant's motion for change of venue. On June 24, a trial was held in the Prescott precinct and on June 27, the defendant was found guilty of speeding and fined $10.00 plus a $2.00 assessment charge.

The defendant appealed his conviction to the Yavapai County Superior Court. On July 3, appellant filed another motion for change of venue in the Prescott justice court. Because the Prescott court had already determined his guilt, it is unclear exactly what he sought to accomplish by this motion.

In any event, the defendant was given a trial *de novo* in the Yavapai County Superior Court and was once again found guilty and fined $10.00. Pursuant to A.R.S. § 22–375, he appeals this judgment and sentence.

Although the defendant's argument is not a model of clarity, we divine his argument to be that he has an absolute constitutional right to be tried at the place of his residency even though the criminal activity with which he was charged occurred in another part of the state. The defendant's argument appears to be that the time and expense involved in travelling from his place of residency (Tempe) to attend his trial on the speeding ticket in Mayer, Arizona, (a distance of 100 miles) is a "significant property interest" protected by the due process clause of the Fourteenth Amendment to the United States Constitution; that the state statutes on change of venue do not grant him the absolute right to change the trial of his criminal action to the place of his residency; that not having the absolute right to change the venue to his place of residency, he is being deprived of a "substantial property interest," without a prior due process hearing and thus the change of venue statutes are unconstitutional.

The basic problem we have with defendant's argument is equating the expense and time required to travel from Tempe to Mayer (or Prescott) to defend himself against the criminal charge with a "substantial property interest protected by the Fourteenth Amendment to the United States Constitution." The defendant has cited no case to this court which so holds and our independent research has failed to disclose any. We assume that this lack of authority is based upon the realization that the same constitution which prohibits depriving a person of "life, liberty, or property without due process of law" (Fourteenth Amendment) also provides that a criminal accused shall have the right to a public trial "by an impartial jury of the State and district *wherein the crime shall have been committed.*" (Sixth Amendment) Thus, constitutional jurisdiction of a criminal offense is vested in the locale where the crime occurred.[1]

As was stated in *United States v. Anderson,* 328 U.S. 699, 66 S.Ct. 1213, 90 L.Ed. 1529 (1946):

"The constitutional specification [Sixth Amendment] is geographic; and the geography prescribed is the district or districts within which the offense is committed. This may or may not be the place where the defendant resides . . . ." 328 U.S. at 704–705, 66 S.Ct. at 1217.

1. Compare Article 2 § 24 of the Arizona Constitution: " . . . the accused shall have the right . . . to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed . . . ."

If constitutional jurisdiction is vested in the locale in which the alleged crime occurred, it can be reasonably deduced that "due process" only concerns itself with whether a *fair* trial can be obtained at that location, not with the expenses incurred by a defendant in satisfying that constitutional jurisdiction. *See, United States v. Polizzi*, 500 F.2d 856 (9th Cir.1974); *United States v. Florence*, 456 F.2d 46 (4th Cir. 1972).[2]

A.R.S. § 22–303(A)(1) (dealing with change of venue for bias and prejudice of the justice of the peace) and A.R.S. § 22–303(A)(2) (dealing with change of venue for bias and prejudice of the citizens of the precinct) are concerned with this due process factor of fair and impartial trial. In this, they pass constitutional muster. *Groppi v. Wisconsin*, 400 U.S. 505, 91 S.Ct. 490, 27 L.Ed.2d 571 (1971).

We therefore hold that under the United States and Arizona Constitutions, jurisdiction of a criminal offense is vested in the court having jurisdiction over the geographic area in which the criminal offense is alleged to have occurred; that a criminal defendant has no constitutional right to be tried in a locale other than where the alleged criminal activity takes place (absent a showing that a fair trial may not be held in that locale); that the time and expense incurred by a criminal defendant in satisfying this constitutional jurisdiction requirement is not a property right protected by the due process clause of the Fourteenth Amendment; and that A.R.S. § 22–303 is constitutional in satisfying the due process right to a fair and impartial trial afforded by the Fourteenth Amendment.

The judgment and sentence of the trial court are affirmed.

SCHROEDER and WREN, JJ., concur.

---

2. Expenses may be a factor in determining a forum "convenient" to the parties under Federal venue statutes. *United States v.*

*Polizzi, supra.* Arizona does not have a "convenience" venue statute.